IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM D. EVANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-3246 |
| ) | |
| HEATHER PLETSCH, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Evans' Objection to Magistrate Judge Ruling (d/e 32) (Objection). Magistrate Judge Byron G. Cudmore issued an Order February 28, 2008, in which he directed the entry of a Protective Order prohibiting the dissemination of an Illinois State Police Report (Report) outside of this litigation. Plaintiff William Evans objects to the entry of the Protective Order. For the reasons stated below, the Objection is overruled.

The Report is a 2300-page document compiled after the Illinois State Police conducted an investigation of alleged misconduct in the Springfield Police Department. The City of Springfield and the Police Benevolence &

1

Protective Association, both intervenors here, argue that the Report contains information regarding the identities of confidential sources, details of pending law enforcement proceedings, discussion of crime tips obtained through the Crime Stoppers' program, and confidential information from personnel files. The Court has reviewed the Report and concludes that it does contain such information, plus information regarding unsolved crimes.

Judge Cudmore's decision to impose a protective order is entitled to deference. Federal Rule of Civil Procedure 72(a) allows a district judge to modify or set aside a magistrate's pretrial order regarding a nondispositive matter only if it is "clearly erroneous or is contrary to law." Neither defect exists here.

Under Federal Rule of Civil Procedure 26(c), a court, "for good cause, may issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." While good cause is difficult to define, "it generally signifies a sound basis or legitimate need to take judicial action." In re Alexander Grant & Co. Litig., 820 F.2d 352, 356 (11th Cir. 1987). Courts must balance the possible harm of disclosure against the public's interest in open judicial proceedings. Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir.

1999).   Factors to consider include "privacy interests, whether the information is important to public health and safety and whether the party benefiting [sic] from confidentiality of the protective order is a public official."  Wiggins v. Burge, 173 F.R.D. 226, 230 (N.D. Ill. 1997).

Here, the harm that could result from full disclosure of the Report outweighs the public's interest in open judicial proceedings and information regarding police misconduct allegations.  Allowing public dissemination of the Report would jeopardize the safety of confidential informants and the success of ongoing investigations into unsolved crimes.  After reviewing the materials, the Court is convinced that no reasonable redaction could keep those knowledgeable in the events at issue from being able to identify the subjects discussed.  Moreover, even public officials have a legitimate expectation of privacy concerning their personnel files.  See Patterson v. IRS, 56 F.3d 832, 836 n.5 (7th Cir. 1995); Donald v. Rast, 927 F.2d 379, 381 (8th Cir. 1991).  Thus, good cause exists to prohibit public dissemination of the Report.

THEREFORE, Evans' Objection to Magistrate Judge Ruling (d/e 32) is OVERRULED.

IT IS THEREFORE SO ORDERED.

ENTER: July 11, 2008

    FOR THE COURT:

                                      s/ Jeanne E. Scott
                                       JEANNE E. SCOTT
                     UNITED STATES DISTRICT JUDGE